IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. PROUSE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 02-133-JJF |
| CORRECTIONAL OFFICER JEFF SNEAD, | : | |
| Defendant. | : | |

Daniel M. Prouse, Pro Se Plaintiff.

Ophelia Michelle Waters, Esquire, Deputy Attorney General of THE STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Defendant.

## MEMORANDUM OPINION

July 14, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Dismiss (D.I. 15) filed by Defendant Jeff Snead requesting dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. For the reasons discussed, the Court will grant Defendant's Motion.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action for failure to prosecute, and the Court may dismiss such an action consistent with the Court's inherent authority to manage its cases and achieve an orderly and expeditious resolution of those cases. Fed. R. Civ. P. 41(b), Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974). In determining whether dismissal is appropriate, "[t]he power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of the litigation on the merits." Marshall, 492 F.2d at 918.

Plaintiff filed his Complaint in this action on February 15, 2002. On June 5, 2002, Defendant filed an Answer to the Complaint. Plaintiff then filed Motions For Appointment of Counsel which the Court denied in March of 2003.

There has been no activity in this case by Plaintiff for more than two years. Defendant represents to the Court that

1

Plaintiff has been released from Sussex Correctional Institution in Georgetown, Delaware; however Plaintiff has not provided the Court with any forwarding address. In addition, Plaintiff has not responded to Defendant's Motion To Dismiss. Because Plaintiff has failed to prosecute this action, the Court concludes that dismissal of Plaintiff's Complaint is warranted under Rule 41(b). Accordingly, the Court will grant Defendant's Motion To Dismiss.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss, and Plaintiff's Complaint will be dismissed with prejudice.

An appropriate Order will be entered.